HARTWELL LANCASTER, Plaintiff in Error, *v.* ALFRED LANE, Defendant in Error.

ERROR TO SCHUYLER.

Where a magistrate has jurisdiction over the offense, and over the person of the offender, his acts, though never so erroneous, will not make him a trespasser ; and that a conviction by him, still subsisting, and valid upon its face, on a subject within his jurisdiction, is a legal bar to an action for anything done under such conviction.

If the magistrate has not jurisdiction, he is liable to an action on the case ; if he has jurisdiction, it is otherwise.

A justice of the peace has the right to be tried by his docket, and is entitled to the evidence it may furnish in his favor.

Where an offense, as an assault and battery, is committed in the view of a magistrate, within his jurisdiction, he may order the offender into custody, and proceed to his trial. A warrant and affidavit are unnecessary.

THIS was an action of trespass, brought by Lane against Lancaster, to recover damages for the sale of a mare, which was levied upon by an execution issued by Lancaster, who was a justice of the peace, and sold.

Lancaster pleaded, to the declaration, that he was a justice of the peace of Schuyler county, and as such, was trying a case of which he had jurisdiction; that during the trial, and in his

presence, Lane and one Venters had a fight, for which he fined them five dollars each, and entered judgment on his docket therefor, issued execution, etc.

The plea contains all necessary averments to make it a good one.

There was a replication and joinder.

On the trial, Lane called one Luttrell as a witness, who stated that he was a constable of Schuyler county, and that Lancaster was a justice of the peace, and that Lancaster, as such justice, issued from his docket an execution against Lane for five dollars, which he, Lancaster, handed to the witness to be levied; and that he, witness, levied said execution on Lane's mare, saddle and bridle, and sold them for the satisfaction of the execution, and paid the money collected thereon over to Lancaster, the justice.

Lancaster, on his part, proved that he was a justice of the peace, and as such, was trying a case; that when the evidence was closed, he, Lancaster, said he would take the case under advisement, and render judgment in three days; that he then closed his book, and the persons present started to leave the house, when Lane and one Venters got into a fight in the justice's office, and in the presence of the justice, where the trial had been progressing; they were separated, and Lancaster, the justice, told them he fined them five dollars each, and Venters paid his fine, but Lane did not pay his, but said he thought he ought to have a trial, but the justice told him he could not.

Said Lancaster then offered to give in evidence to the jury his justice's docket, showing the judgment againt Lane, and also the execution issued thereon, under which the mare, etc., were sold; but the court, WEAD, Judge, presiding, refused to let them go in evidence, and Lancaster excepted; which said justice's docket was as follows, to wit:

" THE PEOPLE OF THE STATE OF ILLINOIS, }
      *v.*
    ALFRED LANE. }

The case is docketed for an assault and battery. The *fite* was willingly *fit* in view of the justice. The justice imposed a fine of five dollars each, giving no rite of evidence or jury; issued execution; execution levied; returned no sale for the want of bidders.

2nd. Execution issued, returned in the same manner.

3rd. Issued, levied on sorrel mare, saddle, bridle, halter, meal sack and wearing coat; said execution returned endorsed, sorrel mare, bridle and saddle sold, and $15 paid over to the justice for Lane. The 3rd execution commanded the constable

to make $3.16 costs; no bill of costs set forth on the docket or execution. Constable retained $14.90."

The execution issued upon the judgment was in due form.

The court then instructed the jury, for Lane, the plaintiff, below:

1. That the testimony of Luttrell, the constable and witness, as to what occurred before Lancaster, at the time of the trial before him as a justice of the peace, is, by the court, excluded from the jury, and is not to be taken into consideration by the jury in rendering a verdict in this cause.

2. That the execution in evidence before them was issued by defendant, Lancaster, without authority of law, and that if they believe from the evidence, that the mare of Lane was sold under this execution, the plaintiff, Lane, is entitled to recover so much as the jury may find, from the evidence, the mare was worth at the time of sale.

3. That if they find, from the evidence, that the mare was sold under the execution, that then the plaintiff, Lane, is entitled to recover her value.

To the giving of which instruction Lancaster excepted.

Lancaster then asked the court to instruct the jury:

2. That if they believe, from the evidence, that the property mentioned in the declaration was taken and sold by the constable, Luttrell, under and by virtue of a lawful execution in his hands against the plaintiff, Lane, that then they will find a verdict for defendant.

3. That if they believe, from the evidence, that the trespass complained of in the declaration was committed by Luttrell, and not by the defendant, Lancaster, nor by his command, that then they will find a verdict for the defendant.

Which the court refused, and the defendant excepted.

Lancaster moved for new trial, which was overruled.

BROWNING & BUSHNELL, for Plaintiff in Error.

J. GRIMSHAW, for Defendant in Error.

BREESE, J. This court will go far to sustain the proceedings of justices of the peace, in all cases in which they have jurisdiction, however erroneously it may be exercised. The people, in their various relations in society, are deeply interested in these domestic tribunals in which they officiate, and their action should not be condemned, nor they censured, for mere errors and irregularities of proceeding.

We understand the principle to be well settled, that where a magistrate has jurisdiction, as well over the offense as over the person of the offender, his acts, though never so erroneous, will not make him a trespasser; and that a conviction by him still subsisting, and valid upon the face of it, on a subject within his jurisdiction, is a legal bar to an action for any thing done under such conviction. His judgment is conclusive until it is reversed.

In 12 Coke's R. 23, it is held, if a justice of the peace enters as a force upon his docket, and upon his own view, which really is not a force, he cannot be drawn in question therefor, either in an action or by indictment, he having jurisdiction; and the same principle is recognized in 1 Salkeld R. 297, and in all the books, so that "what a judge of the matter has adjudged is not traversable," has become a maxim in the law.

And it is held, accordingly, that neither an indictment nor an action lies against a judicial officer for any judicial act which he has jurisdiction to do, if the circumstances warrant it.

The whole difference, in all such cases, lies between the want of jurisdiction and an abuse of jurisdiction. In the one case, the magistrate is liable to an action; in the other case, he is not liable. *Flack & Johnson* v. *Ankeny*, Breese R. 145.

Testing this case by these rules, the appellant is not liable to this action. He has the right to be tried by his docket, and is entitled to the evidence it may furnish in his favor. It is in the record by bill of exceptions, and shows a case, properly docketed, of *The People* v. *Alfred Lane*, the appellee, for assault and battery. It further shows that the offense was committed in view of the magistrate. Of that offense he had jurisdiction, and being committed in his view, no affidavit or other evidence was necessary to give him legal cognizance of it. R. S., ch. 59, sec. 95. The offender was in court, and therefore no warrant was necessary to bring him into court. It would have been a useless act to have issued a warrant. The magistrate had the right to order him, instantly, into custody, and not give him a chance to escape while he is making out a warrant. The office of a warrant is to do that which was already done. Why, then, issue one? Being in the custody of the officer, and in court, and the court having jurisdiction of his person as well as of the offense, the magistrate could exercise his jurisdiction, to its fullest extent, by trying him.

The evidence does not show that he demanded a jury. If he had, and it was refused, it would have been error only, or abuse of jurisdiction.

On conviction, he could have appealed to the Circuit Court, when this error, and all other errors, could have been corrected by a trial *de novo*. R. S., ch. 59, sec. 99.

The Circuit Court should not have excluded the docket from the jury—it should not have given the instructions that were given on behalf of the plaintiff, but should have instructed the jury that the magistrate was not liable to the action; that, having jurisdiction of the offense, and of the person of the offender, he being in court, and the offense committed in the view of the magistrate, he had a right to try him—and to collect the fine assessed, he had a right to issue an execution.

The judgment is reversed and the cause remanded.

*Judgment reversed.*