# W. H. GARDINER
## v.
## LEVI G. MAYS.

*Malicious Prosecution—Want of Probable Cause—Burden of Proof—Evidence—Malice—Advice of Counsel.*

1. In an action for malicious prosecution the burden of proof to show want of probable cause is on the plaintiff, and he must make such proof clear and satisfactory.

2. To determine whether there is probable cause for instituting a criminal prosecution, the prosecutor is not required to verify each item of information. It is sufficient if he acts with reasonable prudence and caution.

3. Malice may be inferred from want of probable cause, but such an inference is not always warranted.

4. In the case presented, it is *held:* That the evidence fails to show want of probable cause; that the question of probable cause is not one of actual guilt, but of honest and reasonable belief of the party prosecuting; and that the evidence did not warrant the jury in finding malice.

[Opinion filed October 5, 1887.]

APPEAL from the Circuit Court of Jefferson County; the Hon. C. C. BOGGS, Judge, presiding.

Mr. C. H. BURTON, for appellant.

Messrs. POLLOCK & POLLOCK, for appellee.

The question of probable cause and malice are questions for the jury, under the evidence. A party causing the arrest should use reasonable efforts to learn and know the true character of the person, and if he does not, this may be considered on the trial. Hirsch v. Feeney, 83 Ill. 548.

Where a party communicates to counsel all the facts bearing upon the guilt of the accused of which he has knowledge, or could have ascertained by reasonable diligence, and in good faith acts upon the advice of counsel, he can not be held responsible; but it is a question for the jury. Anderson v. Friend, 71 Ill. 475.

Gardiner v. Mays.

If a party either culpably or negligently withhold from counsel any material fact the advice will not protect him. Brown v. Smith, 83 Ill. 291.

The party must show that in perfect good faith he attained the advice of counsel upon a full and accurate statement of all the facts. Davie v. Wisher, 72 Ill. 262; Ames v. Snider, 69 Ill. 376.

Probable cause is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that the person accused is guilty of the offense charged. Splane v. Byrne, 9 Ill. App. 392; Harpham v. Whitney, 77 Ill. 32.

If a criminal prosecution is shown to be without probable cause the jury may infer malice. Splane v. Byrne, 9 Ill. App. 392; Krug v. Ward, 77 Ill. 603; Mitchinson v. Cross, 58 Ill. 366; Thompson v. Force, 65 Ill. 370; Montross v. Bradsby, 68 Ill. 185.

Among the circumstances tending to show want of probable cause the good character of the accused stands out prominently. Ross v. Innis, 35 Ill. 487.

In cases of torts verdicts are to stand unless grossly erroneous. City of Ottawa v. Sweely, 65 Ill. 434.

In actions *ex delicto* it is seldom that courts will interfere with the finding of the juries. Fish v. Roseberry, 22 Ill. 288.

If the evidence tends to support the verdict it will not be disturbed. C., B. & Q. R. R. Co. v. Lee, 87 Ill. 454.

A new trial will not be granted because it is contrary to the evidence, unless it is so strongly against the evidence as to be unsupported by it. Harbison v. Shook, 41 Ill. 141; First National Bank v. Mansfield, 48 Ill. 494.

WILKIN, J. This is an action on the case for malicious prosecution. By the declaration, appellant is charged with prosecuting appellee for an assault on one Joshua D. Gardiner without any reasonable or probable cause therefor; plea of not guilty, and trial by jury, verdict and judgment for plaintiff below for $50, and defendant appeals. It appears from the evidence that on the 17th of October, 1885, Joshua D.

Gardiner, the father of appellee, at his home in the Village of Jefferson City, about 9 o'clock in .the evening, was assaulted and knocked to the ground by a blow on the head and robbed. Appellant and his wife found him soon after unconscious and seriously injured. He was unconscious of the presence of his assailant until struck, and therefore unable to give any information as to who struck him. Appellee was about moving his family to Union County. He had been living some five miles from Gardiner. The evening of the assault, he was seen about a half mile from the place of the assault and at different places in the neighborhood made inquiries, which, he says, were made for the purpose of enabling him to find the place of one Marion Hill, where he expected to remain during the night. He did go to Hill's house, and stayed there from about 9 o'clock until the next morning, when he left, going to Union County, where he joined his family and remained until he was arrested and brought back to Jefferson County for trial. On his preliminary trial he was represented by counsel, and the people were also represented by the County Attorney. Being bound over, and failing to give bond, he was committed to the county jail. At the next term of the Jefferson Circuit Court he was indicted for the offense charged and, on a trial, acquitted. On this trial appellee introduced as a witness on his behalf, one James R. Driver, who was originally joined with appellant as a defendant, and against whom the suit had been dismissed. His evidence is very unsatisfactory but he swears (and having introduced him, appellee must accept his statement as true) that appellant had previously seen Mrs. Marion Hill and that she had given him some facts, but he believed had not told him all she knew. The witness says he then went to see her and reported to appellant that she informed him that appellee came to her house the night of the assault, excited, muddy and tired, and said he had a hell of a racket with Henry Reads; that afterward he showed his money and wanted her to run off with him and said he had knocked old man Gardiner in the head, or had done old man Gardiner up. He also says she told him that appellant had offered her $25, but just what the conditions of the

Gardiner v. Mays.

offer were does not appear. This same witness swears that upon his reporting to appellant his information from Mrs. Hill he stated that Frank Camron had stated that appellee told him the night of the assault that "he intended to raise hell in Jefferson City or with old man Gardiner," or something to that effect. The father of appellant swears that Camron did so state to him, and that. he gave the information to his son, the appellant. Their information was all obtained before the warrant was sworn out by appellant. It is insisted by appellee that appellant had no right to rely upon the information from Mrs. Hill, because it appears that he, by offering her $25, had induced her to make the statements, nor upon the alleged information as to what Camron had said, because Camron shows by his evidence that he never made such statements. We find nothing in the evidence to show that appellant, by offer of money or otherwise, induced Mrs. Hill to make false statements as to the conduct of appellee or to show in the slightest degree that he knew, or had reason to know, that they were not true as she made them. If he believed the statements of his father he was warranted in relying upon the information as to what Camron would swear. In determining whether or not there is sufficient probable cause for instituting a criminal prosecution, it is not necessary to verify the correctness of each item of information, but it is sufficient to act with reasonable prudence and caution in that regard. It was not, therefore, necessary that appellant should have gone in person to Camron and interrogated him as to what he would swear before acting on what he had learned, as to that fact. Hilliard on Torts, Vol. I, 417; Harpham v. Whitney, 77 Ill. 32; Anderson v. Friend, 71 Ill. 475. W. H. Green, the prosecuting attorney of Jefferson County, who appeared for the people on the preliminary trial of appellee, testified on behalf of appellant, that Mrs. Hill did swear on that trial that some time in the evening of the assault after her husband had retired, "Green Mays came in and he seemed to be nearly out of breath. She noticed he had on boots and it appeared he had been splashed up with mud some way and he made some remark about his boots; that he stayed all night there and

made a statement about having a hell of a time at Jefferson City. The next morning her husband wanted him to work for him, and he would go to the door and then come back, and then go to the door and look out again and before he left he said if any one asked for him not to tell them where he had gone." He also says another witness, who was at Hill's that night, testified to the condition of Mays when he came there saying, "he was as white as a sheet." The Justice of the Peace who tried the case also testified that Mrs. Hill swore on the preliminary hearing that "Green Mays came in about 9 o'clock, between 8 and 9, and that he seemed to be excited and that his clothing was bespattered with mud. He said to her that he had a hell of a racket with old man Gardiner. I forget whether he had a hell of a racket or a hell of a time with old man Gardiner." Appellee also introduced evidence explaining his presence in the neighborhood of Gardiner the evening of the assault and proved a good reputation. He admits, however, that on that evening he was intoxicated. He denies that he made the statements attributed to him by Mrs. Hill, except as to his request that she should not tell that he had been there that night, which he says was made because he did not want his wife to know it. He shows by Camron that he met him that evening and drank with him out of his bottle, and that he made no threats and Camron did not tell Gardiner that he did. He swears that he did not assault the old gentleman and that he was never at his place. The evidence all considered was not sufficient to satisfy a jury that he was guilty of the crime, and therefore he was acquitted of the charge; but is it sufficient to show a want of probable cause? It must be remembered that the burthen of proof to show want of probable cause is on plaintiff, and that he must make that proof clear and satisfactory. Hilliard on Torts, Vol. I, p. 417, 420; Davie v. Wisher, 72 Ill. 262; Angelo v. Faul, 85 Ill. 106.

That some one was guilty of the crime charged against appellee is not denied. There is not the slightest evidence in the case to raise even a suspicion that any one else committed it, or that appellant had reason to suspect any one else. The evidence, we think, wholly fails to show a want of probable

Gardiner v. Mays.

cause, but all considered, does show such a state of facts as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that appellee was guilty, and this is probable cause in law. It is not a question of actual guilt, but of honest and reasonable belief of the party prosecuting. Harpham v. Whitney, 77 Ill. 32, and cases cited. Nor are we satisfied from the whole record that the jury were warranted in finding malice, the other necessary element in this action. It is true, malice may be inferred from want of probable cause, but such an inference is not always warranted. "If the defendant can not justify by proof of probable cause, he may still rebut the presumption of malice by showing facts and circumstances to produce at the time on the mind of a prudent and reasonable man a well grounded belief or suspicion of the parties' guilt." Hilliard on Torts, Vol. I, 486; Harpham v. Whitney, 77 Ill. 32. It is impossible for us to determine from the evidence whether or not appellant communicated to the prosecuting attorney all the facts known to him, or which he might have known by reasonable diligence, and we are not disposed to interfere with the verdict and judgment below on the ground that he acted under the advice of counsel, though we find no ground for believing that he wilfully withheld any information in his possession or stated to him more than he honestly believed he could prove. We feel compelled to reverse this case on the ground that want of probable cause and malice have not been proved. To hold otherwise would require of every one instituting a criminal prosecution proof of guilt sufficient to convict. Here were circumstances and testimony of witnesses tending strongly to establish the truth of the charge. They were held sufficient by the Justice of the Peace to bind over, and by the grand jury to indict. The prosecution only failed when appellee was put upon his final trial and where the law gave him the benefit of all reasonable doubt. We do not say that his acquittal depended upon a mere doubt. The verdict should have been for the defendant and there was error in overruling his motion for a new trial and for that reason the judgment of the Circuit Court will be reversed.

*Judgment reversed.*