## Albert A. Kraft v. Alfred R. Porter.

1. PLEADING—*Justification by a Justice of the Peace.*—In a plea of justification by a justice of the peace, in an action of trespass for false imprisonment, it is a sufficient allegation of his official character to state that the defendant "was a justice of the peace in and for the county aforesaid."

2. SAME—*Averments of What Constitutes a Contempt.*—In a plea of justification, by a justice of the peace in an action of trespass, it is a sufficient allegation to state that the plaintiff "did willfully and contemptuously conduct himself in a disorderly and disrespectful manner," etc.

3. JUSTICE OF THE PEACE—*Jurisdiction to Hear Evidence.*—A jus-

Kraft v. Porter.

tice of the peace has jurisdiction in a cause pending before him to hear evidence for the purpose of determining whether he has jurisdiction to try and decide the cause upon its merits.

**Trespass,** for false imprisonment.   Trial in the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding.   Demurrer to special plea overruled.   Judgment for plaintiff, *nil dicit.*   Defendant appeals.   Heard in this court at the March term, 1898.   Affirmed.   Opinion filed May 9, 1898.

Williams, Kraft & Rust, attorneys for appellant.

A person sued in trespass, undertaking to justify his act on the ground that it was lone by virtue of being an officer, and the power granted to such officer by law, is required to show that he was at the time an officer in truth and right, duly commissioned and qualified to act as such; that he was an officer *de jure,* not simply an officer *de facto.*   Schlencker v. Risley, 3 Scam. 486; Case v. Hall, 21 Ill. 632; Outhouse v. Allen, 72 Ill. 529; Gilligan v. Stephens, 4 Ill. App. 401; Schemerhorn v. Mitchell, 15 Ill. App. 419.

L. B. Langworthy, attorney for appellee.

The rule is that when a pleader sets up the judgment of an inferior tribunal he must set out in detail the facts conferring jurisdiction both of the subject-matter and the person of the defendant.   2 Black on Judgments, Sec. 966; Willey v. Strickland, 8 Ind. 453; Daken v. Hudson, 6 Cow. (N. Y.) 221.

The judgments of inferior courts can never be assailed indirectly for errors not affecting the jurisdiction, and to require the appellee to allege and prove the evidence upon which the inferior court based its judgment of conviction would be a violation of the rule.   1 Black on Judgments, Sec. 250; Comstock v. Crawford, 3 Wall. (U. S.) 396; Grusenmeyer v. Logansport, 76 Ind. 549; Long v. Burnett, 13 Iowa, 28; Shoemaker v. Brown, 10 Kan. 383.

Mr. Presiding Justice Adams delivered the opinion of the court.

Appellant sued appellee in trespass and filed a declara-

tion containing one count, which, omitting the formal commencement, is as follows:

" For that the defendant on, to wit, the 15th day of February, A. D. 1895, in the county of Cook and State of Illinois, did, without any authority of law, issue and deliver to George A. Samonski a certain paper, in and by which it was purported and pretended that the people of the State of Illinois commanded any constable of said county to arrest and take the said plaintiff and deliver him to the keeper of the common jail of said county, and there to imprison him. And the said defendant also then and there directed and commanded the said George A. Samonski to arrest and imprison the plaintiff as in the said paper it was commanded, by virtue of which paper and command of the said defendant, the said George A. Samonski did then and there make an assault upon the plaintiff, and arrest, and with great force did violently lay hold upon and seize the person of plaintiff, and forcibly conducted him to the county jail of Cook county, where the said plaintiff was thereafter imprisoned, without any reasonable or probable cause whatever, for the space of, to wit, thirty-six hours then next following, during all of which time the said plaintiff suffered great indignity; contrary to the laws of this State and against the will of the plaintiff, and other wrongs to the plaintiff the said defendant then and there did, against the peace of the people of the State of Illinois, and to the damage of the plaintiff of fifteen thousand dollars, and therefore he brings suit," etc.

Appellee pleaded the general issue and the following special plea:

" And for a further plea in this behalf the defendant, Alfred R. Porter, says that the plaintiff ought not to have his aforesaid action against him, because he says that he, the said Alfred R. Porter, before and at the time when, etc., was a justice of the peace in and for the county aforesaid; and so being such justice and having jurisdiction of the matters hereinafter mentioned, the said plaintiff, Albert A. Kraft, on, to wit, the 16th day of February, A. D. 1895,

appeared before this defendant, while this defendant was acting as such justice of the peace in the trial of a certain action at law then pending before this defendant, as such justice of the peace, at the office of this defendant, in the town of Hyde Park, in said county of Cook, wherein one George B. Chamberlain was plaintiff, and Mrs. Gordon Ball was defendant, and while said proceedings were in progress and being heard and considered by this defendant as such justice of the peace, the said Albert A. Kraft, being then and there present, did willfully and contemptuously conduct himself in a disorderly and disrespectful manner, whereupon the said Albert A. Kraft was then and there called before the said defendant, as such justice of the peace, to show cause why he should not be convicted and punished according to law for such contempt, and after a full hearing before this defendant, as such justice of the peace, of and concerning the said disorderly and disrespectful conduct as aforesaid, the said Albert A. Kraft was by the consideration of this defendant, as such justice of the peace, thereof adjudged guilty and convicted of contempt of the said court, and was by this defendant, as such justice of the peace, then and there fined for such contempt in the sum of five dollars, and this defendant also ordered as a part of said judgment that the said Albert A. Kraft be committed to the jail of said county, there to remain until the said fine should be fully paid, or until he be discharged according to law.    That said plaintiff refused to pay said fine or any part thereof, and thereupon, to wit, the said 16th day of February, A. D. 1895, this defendant, as such justice of the peace, duly and regularly issued his certain writ or warrant of commitment, in the name of the people of the State of Illinois, directed to the sheriff, or to any constable of said Cook County, commanding him to take the said Albert A. Kraft and deliver him to the keeper of the jail of said county, together with the said warrant of commitment, and commanding the said keeper of said jail to receive the said Albert A. Kraft into his custody, in the said jail, and him there safely keep until he paid the said fine, or until he

should be discharged according to law, which said warrant of commitment was by this defendant as such justice of the peace delivered to the said George A. Samonski, who was then and there a constable of the county aforesaid, to be by him executed according to law, as he, the said George A. Samonski, lawfully might for the cause aforesaid; and the said George A. Samonski, as such constable as aforesaid, in obedience to the said warrant, afterward, to wit, on the day aforesaid, there gently laid his hands upon the plaintiff and arrested him, using only necessary force in so doing, and then and there conducted the plaintiff—he, the said plaintiff, refusing and failing to pay said fine, or any part thereof—to the said jail of said county, and there delivered him to the keeper of said jail, where the plaintiff was confined and kept by the keeper of said jail, pursuant to said warrant, for about the space of time in said declaration mentioned, when he was thereafter therefrom discharged according to law; which are the same supposed trespasses in the said declaration mentioned, and whereof the plaintiff has complained," etc.

Appellant demurred to the special plea, assigning special causes of demurrer not necessary to be set out in full in this opinion, as we shall consider only the points relied on in appellant's brief. The court overruled the demurrer and, appellant electing to abide by his plea, rendered judgment for appellee, and this is assigned as error.

Appellant's counsel contend: First, that the plea should allege facts showing that the appellee, at the time he fined appellant, was a justice of the peace *de jure*, and that it is not sufficient to allege merely that he was a justice, as is alleged in the plea. We have examined the cases cited by appellant in support of this contention and do not regard them as in point. In Outlaw v. Davis et al., 27 Ill. 467, which was trespass against a justice for the arrest of the plaintiff on an alleged illegal warrant, the plea averred that the defendant " was and is now an acting justice of the peace," and the court held the plea sufficient. The allegation that appellee " was a justice of the peace in

Kraft v. Porter.

and for the county aforesaid," is a sufficient allegation of appellee's official character, and so are the precedents. Puterbaugh's Pl. & Pr., Ed. 1896, p. 364; 3 Chitty's Pleading, Sec. 1084.

In Schlencker v. Risley, 3 Scam. 486, which seems to be chiefly relied on by appellant's counsel, the court say that Williams, one of the defendants, justified issuing the process as a justice of the peace. A plea justifying as justice is clearly bad. In the present case there is a positive averment that appellant was, at the time when, etc., a justice of the peace, and in support of this allegation evidence might be given that he was a duly elected, qualified and commissioned justice.

Secondly: It is contended that the plea does not specifically aver the facts constituting the alleged contempt; that what is averred in that regard is merely a conclusion. The plea alleges that "the said Albert, being then and there present, did willfully and contemptuously conduct himself in a disorderly and disrespectful manner," etc. Any person who appears before a justice of the peace, while acting as such justice, and who fails to "demean himself in a decent, orderly and respectful manner," may be fined by the justice for contempt in any sum not exceeding five dollars. 2 S. & C. Stat., Ch. 79, par. 162.

We think the averment of the plea that appellant "did willfully and contemptuously conduct himself in a disorderly and disrespectful manner," is a sufficient averment of what constituted the contempt.

In Clark v. The People, Beecher's Breese, 340, Clark was fined for contempt by a justice of the peace, and appealed to the Circuit Court. The latter court refused to review the action of the justice and dismissed the appeal. Clark then appealed to the Supreme Court, which court affirmed the judgment of the Circuit Court, saying: "The magistrate having had jurisdiction to impose the fine, the Circuit Court properly refused to inquire into the nature of the contempt, and very properly dismissed the appeal." In citing this case we would not have it implied that, in our

opinion, a court of review could not interfere in a case in which it appeared from the record that an act was treated as a contempt which was manifestly not a contempt. In Lancaster v. Lane, 19 Ill. 242, which was trespass against a justice, it appeared that Lane and another person fought in the presence of the justice immediately after the conclusion of a trial before the justice. The justice fined them five dollars each and issued, consecutively, three executions, one of which was levied on the property of Lane. The justice offered his docket in evidence in justification, which contained the following: " The fite was willingly fit in view of the justice." This was the whole charge stated in the docket. There was no statement in the docket of any act by either of the parties fined beyond the mere statement that they fought, and no evidence was heard by the justice. The Circuit Court excluded the docket, but the Supreme Court held this error, saying, among other things : " We understand the principle to be well settled that when a magistrate has jurisdiction, as well over the offense as over the person of the offender, his acts, though ever so erroneous, will not make him a trespasser, and that a conviction by him, still subsisting and valid upon the face of it, on a subject within his jurisdiction, is a legal bar to an action for anything done under such conviction. His judgment is conclusive until reversed."

In the same case the court say : " This court will go far to sustain the proceedings of justices of the peace in all cases in which they have jurisdiction, however erroneously it may be exercised." We are of opinion that the plea avers a case in which the justice had jurisdiction both of the person of appellee and the offense.

Thirdly : It is contended that the plea should aver facts showing that the justice had jurisdiction to try the case which he was trying when the contempt is alleged to have been committed.

The statute, Ch. 79, par. 162, authorizes the imposition of a fine for contempt by any person present before a justice " when acting as such, or who shall be present at any legal

proceeding before a justice." The plea, after averring that appellee was a justice, avers, in substance, that while the appellee was, as said justice of the peace, acting in the trial of a cause, and while the proceedings were in progress, the contempt was committed. It might be that, in law, he had not jurisdiction to finally determine the cause pending before him on the merits, and yet would have jurisdiction to hear the evidence, because he could only determine, from the evidence, whether he had jurisdiction. In other words, a justice of the peace has jurisdiction in a cause pending before him to hear evidence, for the purpose of determining whether he has jurisdiction to try and decide the cause on its merits. We are of opinion that the demurrer to appellee's special plea was properly sustained.

The judgment will be affirmed.