## Otto Hermanson, Appellant, v. A. P. Goodyear, Appellee.

### Gen. No. 4,861.

1. FALSE IMPRISONMENT—*when burden of proving illegality of, upon plaintiff.* As a general proposition of law, it is only necessary for the plaintiff in actions for false imprisonment to show that he has been restrained of his liberty. The presumption then arises that his restraint was unlawful and the burden of proving a justification, if any exists, is upon the defendant. But when the plaintiff goes further than this and shows that such imprisonment was caused by a complaint before a magistrate, the issuing of a warrant upon such complaint, and a trial and examination under it, the burden of proof is upon the plaintiff to show that the proceedings were invalid or irregular, the presumption of law being in favor of the regularity of judicial proceedings even in courts of limited jurisdiction.

2. FALSE IMPRISONMENT—*when justice of peace not liable in civil action for.* A justice of the peace is not liable in a civil action for false imprisonment where it appears that he had jurisdiction as well over the offense charged as of the person of the plaintiff.

Trespass. Appeal from the Circuit Court of Iroquois County; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed March 11, 1908.

FLEMING R. MOORE and NELLIE B. KESSLER, for appellant.

A. F. Goodyear, for appellee.

Mr. Presiding Justice Willis delivered the opinion of the court.

This was a suit in trespass for false imprisonment brought in the Circuit Court of Iroquois county, by Hermanson, a peddler of patent medicines, against A. P. Goodyear, a justice of the peace, to recover damages claimed to have been sustained on account of appellant's arrest and detention or imprisonment for violating an ordinance of the village of Woodland in said county. In September, 1905, complaint was made before appellee, charging appellant with violating an ordinance of said village of Woodland, prohibiting peddling without a license. A warrant was issued and appellant was arrested and brought before appellee. Upon appellant's application, the cause was continued for ten days that he might prepare for trial. At the trial appellant waived a jury, appellee heard the evidence and imposed upon him a fine of $10 and costs, and entered judgment for that amount. The judgment ordered that upon appellant's failure to pay the fine and costs, he be committed to the county jail until the fine and costs were paid, the imprisonment not to exceed six months. Appellant refused to pay the fine and costs, and appellee issued a *mittimus* directed to the village marshal, authorizing him to take appellant and deliver him to the keeper of the county jail, to be there kept until the fine and costs were paid or he was discharged by due process of law. The village marshal in obedience to the *mittimus*, conveyed appellant to the keeper of the county jail, who for some reason refused to receive him and he was permitted to go without further restraint.

Appellant filed a declaration containing two counts charging appelleee with imprisoning appellant without reasonable or probable cause. To the declaration, appellee interposed a plea of not guilty and also a special plea alleging that he was a justice of the peace, and setting out certain sections of the ordinance claimed to have been violated, the entering of judgment against appellee for a violation of the ordinance

and the issuing of the *mittimus* to the village marshal author-
izing him to take and deliver appellee to the keeper of the
county jail, to be there detained until the fine and costs
were paid or he be discharged by due process of law.   To
the special plea, appellant filed a replication.   The issues
were joined and the trial proceeded.   At the close of appel-
lant's evidence in chief, the court on motion of appellee,
directed the jury to return a verdict finding appellee not
guilty, and such a verdict was returned.   A motion for a
new trial was denied, judgment was entered on the verdict,
and this appeal is prosecuted by plaintiff.

It is urged that the filing of the special plea cast upon
appellee the burden of justifying the alleged false imprison-
ment, notwithstanding appellee's plea of not guilty.   If ap-
pellant had shown merely that appellee directed the village
marshal to take appellant into custody, and that appellant
was taken by the village marshal pursuant to such order and
deprived of his liberty, it may well be that the burden would
then have been upon appellee to show justification.   But
appellant went much farther in his proof.   He proved that
appellee was a justice of the peace; that a written complaint
was made to him under the direction of the officers of the
village; that he issued a writ for appellant; that appellant
appeared and obtained a continuance; that at the date fixed
for trial both parties appeared, the village by its attorney,
appellant in person and by attorney; that appellant waived
a jury in writing; that testimony was heard; that appellant
admitted the act complained of; that the court found appel-
lant guilty and fined him ten dollars and costs, and that it
was part of the judgment that he be committed to the county
jail until the fine and costs were paid, provided such im-
prisonment should not exceed six months, or until released
by due process of law.   Appellant introduced the transcript
of the justice's judgment in evidence to prove that the village
attorney made out the *mittimus,* and that appellee as justice
of the peace signed it and delivered it to the officer.   It is
true, he proved that appellee spoke some words to the officer
to the effect that he was to take appellant to jail if he did

not pay this fine, but it is obvious that that was in connection with making out and handing the officer the *mittimus*. It is evident that all that the officer did by way of restraining appellant of his liberty was under the *mittimus*. The officer took appellant to the county jail, and, for some reason not disclosed, the sheriff refused to receive him and he was allowed to go. The only thing appellant did not prove was the contents of the *mittimus*. If appellant's declaration had stated all these facts, it is obvious that it would not have stated a cause of action and would have been subject to demurrer. The law governing the evidence as it appears in this record is stated in Newell on Malicious Prosecution and False Imprisonment, page 481, par. 23, in the following language: "As a general proposition of law, it is only necessary for the plaintiff in actions for false imprisonment to show that he has been restrained of his liberty. The presumption then arises that his restraint was unlawful and the burden of proving a justification, if any exists, is upon the defendant. But when the plaintiff goes further than this and shows that such imprisonment was caused by a complaint before a magistrate, the issuing of a warrant upon such complaint, and a trial and examination under it, the burden of proof is upon the plaintiff to show that the proceedings were invalid or irregular, the presumption of law being in favor of the regularity of judicial proceedings even in courts of limited jurisdiction."

It is clear from the evidence that appellee as justice of the peace had jurisdiction as well over the offense charged as of the person of appellant. In Lancaster v. Lane, 19 Ill., 242, the court said: "We understand the principle to be well settled, that where a magistrate has jurisdiction, as well over the offense as over the person of the offender, his acts, though never so erroneous, will not make him a trespasser; and that a conviction by him still subsisting, and valid upon the face of it, on a subject within his jurisdiction, is a legal bar to an action for anything done under such conviction. His judgment is conclusive until it is reversed, * * * And it is held, accordingly, that neither an indict-

ment nor an action lies against a judicial officer for any judicial act which he has jurisdiction to do, if the circumstances warrant it. The whole difference, in all such cases, lies between the want of jurisdiction and an abuse of jurisdiction. In the one case, the magistrate is liable to an action; in the other case, he is not liable." Flack & Johnson v. Ankeny, Breese, 145.

Testing this case by these rules, appellee is not liable. He had the right to be tried by his docket, and was entitled to the evidence it might furnish in his favor, and it is immaterial whether the docket or the transcript thereof was introduced in evidence by himself or appellant.

Appellant having failed to make out a *prima facie* case, the trial court did not err in directing a verdict for appellee.

The judgment is therefore affirmed.

*Affirmed.*