## Charles P. Brown, Appellant, v. B. F. Tucker and Central Illinois Public Service Company, Appellees.

1. MALICIOUS PROSECUTION, § 78*—*when evidence sufficient to support judgment for defendant.* A judgment for defendant in malicious prosecution was sustained, where a story involving plaintiff in a theft was carried to the defendant and a third person and both carried it to the State's Attorney, and where the latter called all the parties, including defendant, before him and where the latter fairly laid all the information he had before the State's Attorney, including its source, and where the State's Attorney not only advised but directed the making of the arrest without further investigation, and where the case against plaintiff was dismissed after several continuances.

2. MALICIOUS PROSECUTION, § 14*—*when arrest of person on charge of crime for examination only improper.* The arrest of men on charges of crime by or at the instance of public officers, for the purpose of plying them with questions or of giving them what is sometimes called the "third degree," when such officers are not in possession of tangible proof to cause a well-grounded belief that the one arrested is the right party, was termed reprehensible and an abuse of the processes of the court that should not be tolerated.

3. MALICIOUS PROSECUTION, § 13*—*when one acting on advice of counsel protected.* When a prosecuting witness before beginning a case goes to a competent attorney and discloses to him in good faith all of the facts and information he has as to a supposed offense as well as the source of his information, and then acts on the advice of such attorney and starts a criminal prosecution, he will be considered as having had probable cause for instituting such prosecution, even if afterwards the party charged is found to be not guilty of the offense charged.

4. MALICIOUS PROSECUTION, § 8*—*when one having probable cause protected.* When the prosecuting witness has probable cause for instituting a criminal prosecution, a suit for malicious prosecution will not lie.

Appeal from the Circuit Court of Coles county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed October 22, 1918. Rehearing denied April 3, 1919, and opinion modified and refiled April 23, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FRANK T. O'HAIR and H. A. NEAL, for appellant.

VAUSE, HUGHES & KIGER, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

On September 6, 1917, appellant Brown was arrested and lodged in jail on complaint of appellee B. F. Tucker, who was superintendent of the Central Illinois Public Service Company. In that complaint appellant was charged with larceny of copper wire from the Central Illinois Public Service Company. On the morning of September 7th, appellant demanded an immediate hearing, but it was denied him and his case was then set for hearing for September 20th. On that morning the hearing was adjourned to the next morning, September 21st. When the case was called for hearing on the last-named morning it was dismissed by the State's Attorney. On neither of these occasions did any prosecuting witness appear. Later this suit for malicious prosecution was brought and in due time was tried. The verdict of the jury and the judgment which followed are in favor of the defendant. Briefly stated, the facts disclosed at the trial are: wire, the property of the Central Illinois Public Service Company, had been stolen. Later the mother of the wife of a deceased brother of appellant Brown told a man by the name of Miller, who was an employee of the Central Illinois Public Service Company, that "somebody" had told her husband that a boy by the name of Gillan, if he was paid $100, "could prove" that appellant Brown had taken the wire. This story was carried by Miller to appellee Tucker and Tucker and Miller carried it to the State's Attorney of Coles county. The State's Attorney of Coles county decided to have the parties, including Gillan and Brown, arrested at once without investigating the story further, and have

all the persons charged brought in and then have an "interview with Gillan and see if he would reveal" who the persons were who were stealing the wire. The record satisfactorily shows that Miller and Tucker fairly laid before the State's Attorney of Coles county all the information they had in the matter and its source; that before they went to the State's Attorney, Tucker said to Miller: "We will go to the State's Attorney and advise him of the conditions and facts that we know, and abide by what he says"; that the State's Attorney not only advised the arrest and directed the making of the complaint but told Tucker and Miller not to make any investigations but to go before the police magistrate and swear to the complaint. Following the advice of the State's Attorney, Tucker signed and swore to the complaint. It also appears from the evidence that the State's Attorney had at one time the reputation of being a competent attorney in good standing for ability, prudence and fairness. When a prosecuting witness before beginning a case goes to a competent attorney and discloses to him in good faith all the facts and information he has as to a supposed offense as well as the source of his information, and then acts on the advice of such attorney and starts a criminal prosecution, he will be considered as having had probable cause for instituting such prosecution, even if afterwards the party charged is found to be not guilty of the offense charged. *Schattgen v. Holnback,* 149 Ill. 646; *Murphy v. Larson,* 77 Ill. 172; *Anderson v. Friend,* 71 Ill. 475; *Palmer v. Richardson,* 70 Ill. 544; *Wicker v. Hotchkiss,* 62 Ill. 107.

When the prosecuting witness has probable cause for instituting a criminal prosecution, a suit for malicious prosecution will not lie. *Glenn v. Lawrence,* 280 Ill. 581-587.

The evidence in this case clearly shows that appellees acted with the utmost good faith and with prob-

able cause. The verdict of the jury is in accord with the weight of the evidence.

We do not wish to be understood by this opinion as placing the stamp of approval upon the practice indulged in, in this case, in directing the arrest of the persons named in the complaint without further investigation of what was a mere suspicion based on wild rumor. The arrest of men on charges of crime by or at the instance of public officers, for the purpose of plying them with questions or of giving them what is sometimes called the "third degree," when such officers are not in possession of tangible proof sufficient to cause a well-grounded belief that the one arrested is the right party, is a reprehensible practice and is an abuse of the processes of the courts that should not be tolerated. The fact that men on whom that system is usually practiced are as a rule men without money, friends or a knowledge of their rights, exaggerates the evil. There is no doubt in our minds that appellant was done a great wrong by his arrest, but it is quite as clear that appellees were innocent of any malice, and that they acted with probable cause as defined by the cases cited. The evil lies further back.

The judgment of the Circuit Court is affirmed.

*Affirmed.*