Thomas Horvat, Appellee, v. Marion Opas, Also Known as Maryan Opas, Appellant.

Gen. No. 42,061.

Heard in the first division of this court for the first district at the December term, 1941. Opinion filed July 1, 1942.

WILLIAM V. BROOKS, of Chicago, for appellant.

EPSTEIN & STEINBERG, of Chicago, for appellee; ABRAHAM MILLER and MATTHEW STEINBERG, both of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendant to recover damages for malicious prosecution and false arrest in that defendant filed an information in the Municipal court of Chicago charging plaintiff with embezzling $15 of defendant's money and that upon trial of the case in the Municipal court defendant was found not guilty and discharged. There was a jury trial and a verdict in plaintiff's favor for $5,000. Afterward the court required a remittitur of $3,000, judgment was entered on the verdict for $2,000 and defendant appeals.

The record discloses that defendant was in the business of selling used cars and about April 1, 1938, employed plaintiff to work for him on the lot where the automobiles were located, for which plaintiff was to be paid $15 a week and a commission of 2 per cent on the sales of the automobiles which he made. Plaintiff began to work at that time and continued until July 3, when he was discharged, as he contends. Some time prior to plaintiff's employment Edward Schumpp bought a second-hand truck from defendant and after he had used the truck for some time, and having changed his business, he brought the truck back to defendant and requested that defendant sell it for him. The truck was placed on the lot and June 20, 1938, plaintiff in the course of his work sold it to Ernest Kuklovsky for $70 receiving a $5 deposit, and June 27, the purchaser paid $25 more to plaintiff but the money was not turned in to defendant's office nor was the sale of the truck reported. At the time the payments were made to plaintiff he gave the purchaser, Kuklovsky, a receipt on one of defendant's printed forms showing the two payments. There was a balance of $40 due on the purchase price, and July 3, the purchaser Kuklovsky called to make the final payment and get the truck and at that time, defendant says, he first learned that a sale had been made and that money had been paid on account to plaintiff.

Plaintiff gave testimony to the effect that when defendant told him to sell the truck he instructed him not to put the deal through the office so it would not appear on the books and that in case plaintiff sold the truck, plaintiff and defendant would divide the profits equally. He further testified that June 28 he gave defendant $10 of the $30. Plaintiff offered no evidence as to what Schumpp was to receive for the truck so that what profit was realized from the sale does not appear. On the other side, defendant testified that when Kuklovsky called for the truck July 3, he advised defendant he had paid $30 on account of the purchase price to plaintiff. That a few days prior to that time defendant had transferred plaintiff to one of defendant's other places of business at 17th & Ashland and when defendant was told of the sale he called plaintiff on the telephone and asked him what he had done with the $30 and that plaintiff replied he had spent it. Defendant further testified that plaintiff had not given him the $10 and it is at this time plaintiff says he was discharged, although defendant testified he quit of his own accord. Defendant further testified when Schumpp left the truck for sale he told his manager, Jezewski, to place the truck on the lot for sale and that defendant would receive 5 per cent of the amount of the sale. That when the truck was left by Schumpp he wanted $100 but finally agreed to sell it for $70 or $80; that defendant afterward paid Schumpp $66.50, deducting his 5 per cent, $3.50 and that he never gave plaintiff any authority to keep any of the money he collected.

Plaintiff testified that about May 9, 1938, while he was working for defendant, he injured his arm cranking an automobile and that he made a number of demands on defendant to pay the doctor's bill for the treatment he received, apparently on the ground that he was entitled to have this done under the Workmen's Compensation Act, but this appears only by

inference. The evidence further shows that about the middle of July plaintiff filed a claim with the Industrial Commission for the injury to his arm and about a month thereafter, August 17, 1938, defendant filed the information against plaintiff in the Municipal court.

Plaintiff contends that defendant instituted the criminal proceeding against him in the Municipal court maliciously and without probable cause; that the information was filed by defendant because plaintiff was insisting that defendant pay the doctor's bill and compensation for the injury which plaintiff had sustained to his arm and a further reason was that defendant was endeavoring to force plaintiff to pay the $30. We think the latter contention is without merit because a consideration of the evidence discloses plaintiff was unable to pay any sum because he had no money.

On the other side, defendant's position is that the criminal proceeding was brought in good faith; that before filing the information he consulted his lawyer and an assistant State's attorney, Mr. Weldon, and explained the facts in the case to each of them. And further, that he explained the facts to the Judge at the time the information upon which the warrant for plaintiff's arrest was issued, the judge of the Municipal court states: "I have examined the above information and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same."

In *Smith v. Hall,* 37 Ill. App. 28, which was an action for malicious prosecution, Judge Moran in delivering the opinion of the court said: "To sustain an action for malicious prosecution, want of probable cause and malice must both be shown. If there was probable cause, then there is a defense to the action, no matter how much malice or ill-will animated the prosecution.

"A prosecution may be in fact malicious, and may be for the purpose of injuring the person against whom it is brought, and gratifying the hatred or revenge of the prosecutor, and yet, if probable cause existed, there can be no recovery in the action of malicious prosecution. *Israel v. Brooks,* 23 Ill. 575."

Plaintiff contends the evidence shows the facts were not fairly explained to the attorneys nor to the judge; that whether such explanation was made by defendant and whether the prosecution was malicious and without probable cause were questions for the jury and the jury having found in plaintiff's favor, this court is not warranted in disturbing the verdict unless it is against the manifest weight of the evidence. We think this contention must be sustained. Under the law we are not warranted in disturbing the verdict of the jury, approved as it was by the trial judge, unless it is against the manifest weight of the evidence. This we are unable to do, and the verdict and judgment cannot be disturbed on that ground. A consideration of plaintiff's testimony, taken in connection with the several occupations followed by him, as to what the facts were in the instant case is far from satisfactory and we are also of opinion that defendant's testimony is far from satisfactory. Counsel for both parties testified, plaintiff's as to the reasonable value of the services he rendered in the defense of the case in the Municipal court. He then called counsel for defendant who took the stand and gave testimony on the same subject. It seems obvious, under the facts disclosed by the record, that this should not have been done. Since we have reached the conclusion that the verdict is excessive, we do not discuss the evidence further.

From a consideration of plaintiff's testimony as to the several occupations he followed over a period of years, we think the fact that he was placed under arrest and confined in jail for one night and then let

go on his own bond shows that the verdict of $5,000 was wholly unwarranted and that the judgment of $2,000 is also greatly excessive. *Burch v. Lockwood,* 247 Ill. App. 66.

Counsel for plaintiff contends that the propriety of certain instructions given and the motion for a new trial made by defendant cannot be considered because they are not in the report of the proceedings of the trial. There is no merit in this contention. This was the law before the Civil Practice Act went into effect January 1, 1934, but by that act the law was changed, *Kelly v. Powers,* 303 Ill. App. 198, where the law on this subject is stated. We there pointed out that § 74 of the Civil Practice Act, ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.074], provides: ''All distinctions between the common law record, the bill of exceptions and the certificate of evidence, for the purpose of determining what is properly before the reviewing court, are hereby abolished. The trial court record shall include every writ, pleading, motion, order, affidavit and other document filed or entered in the cause and all matters before the trial court which shall be certified as a part of such record by the judge thereof. All matters in the trial court record actually before the court on appeal may be considered by the court for all purposes, but if not properly authenticated the court may order such further authentication as it may deem advisable.'' In that case we also refer to Rule 36 of the Supreme Court, which is the same as Rule 1, of this court.

It is obvious that the contention of counsel for plaintiff, that the record should show at whose request the instructions were given and that those were all the instructions given or requested, should appear, is sound but since there must be a retrial, this can be obviated.

For the reasons stated, the judgment of the Circuit court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.