PATRICIA A. ROBINSON, Plaintiff-Appellant, *v.* ECON-O-CORPORATION, INC., d/b/a Econo-Mart, Defendant-Appellee.

Fourth District   No. 14791

Opinion filed August 11, 1978.

Edward L. Welch, of Edwardsville, for appellant.

Phillips, Phebus, Tummelson & Bryan, of Urbana (Birch E. Morgan, of counsel), for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:
Malicious prosecution suit over a "bad check" charge.
Summary judgment for defendant.
We reverse—in part.
At about 1 p.m. on September 5, 1974, Patricia A. Robinson deposited $1,000 in her checking account at the branch bank of the First National Bank of Rantoul located on the Chanute Air Force Base. At approximately 5:30 p.m. on that same date, Robinson purchased merchandise at defendant's Econo-Mart in Rantoul, Illinois, and gave a check for $87.89 drawn on the First National Bank of Rantoul. Robinson's check had her name, address, telephone number, military identification number and driver's license number on the back. (At the time, Robinson was a pregnant, 24-year-old sergeant in the United States Air Force and was stationed at Chanute Field in Rantoul.)

Carlton Jacobs was the executive vice president and general manager of the defendant Econ-O-Corporation and was responsible for the management of Econo-Mart. Because of the size of Robinson's check, Jacobs called the First National Bank of Rantoul on the following morning (September 6) and talked with a person in the bookkeeping department. He was informed that there were not sufficient funds in Robinson's account to cover the check.

Jacobs then called Sergeant Robinson and asked her to come in and pick up the check and give cash for her purchases because the check would not clear. According to Jacobs, she told him to run the check through again because she was going to deposit $1,000 into her account. Robinson denies that any conversation with Jacobs ever took place on September 6, 1974, concerning the check. Jacobs then took the check to the main bank of the First National Bank, but the bank refused to accept the check. The bank stamped the check with the words "Insufficient funds" and returned it to Jacobs. At that point Jacobs went to the office of Associate Judge Wilbur A. Flessner, explained the situation, and signed a verified complaint charging Robinson with deceptive practices in violation of a Rantoul ordinance.

A warrant was issued on the complaint and on the afternoon of September 6, 1974, Patricial Robinson was arrested by a Rantoul police

officer and taken before Judge Flessner who informed her of the charge against her, informed her of the amount of bail (namely $400), and gave her a copy of the complaint. The Rantoul police officer then went with her to the main bank of the First National Bank where she cashed a check for $40. While at the bank and in the presence of the police officer, she was advised that she had $1,000 in her account. She posted bond and was released.

Jacobs claims he did not hear of the matter again until Robinson came into his store on November 1, 1974, with cash covering the check. She brought the cash to the store because she believed Judge Flessner's clerk told her that it would be necessary to pay the money. On November 1, the complaint against the plaintiff for deceptive practices was dismissed on the motion of the associate village attorney of Rantoul.

Robinson filed a complaint against the defendant corporation seeking relief on the basis of malicious prosecution, intentional infliction of emotional distress, and false imprisonment. The court below found that there was no genuine issue as to any material fact and granted summary judgment for the defendant.

### Malicious Prosecution

On appeal, plaintiff first alleges that the trial court erred in granting summary judgment on the malicious prosecution count. The Illinois Supreme Court in *Freides v. Sani-Mode Manufacturing Co.* (1965), 33 Ill. 2d 291, 295, 211 N.E.2d 286, 288, held that the essential elements for a malicious prosecution action are:

> "(1) the commencement or continuance of an original criminal or civil judicial proceeding, (2) its legal causation by the present defendant against plaintiff who was the defendant in the original proceeding, (3) its *bona fide* termination in favor of the present plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice, and (6) damages resulting to plaintiff."

The elements which the trial court found to be missing in this case were (4) and (5), the absence of probable cause and the presence of malice.

■■ Probable cause is a good faith belief by the prosecutor that the accused was guilty of the offense charged. (*Freides.*) It does not depend on the actual facts of the case or the guilt or innocence of the accused, but on the honest and reasonable belief of the one commencing the prosecution. *Farris v. Messimore* (1920), 219 Ill. App. 582; *Brandt v. Pennsylvania R.R.* (7th Cir. 1956), 231 F.2d 848.

■■ In examining the facts of a case for purposes of a motion for summary judgment, the pleading and affidavits must be construed most strictly against the moving party and most liberally in favor of the opponents without trying any issues of fact. (*Donart v. Board of*

*Governors* (1976), 39 Ill. App. 3d 484, 349 N.E.2d 486; *McHenry Sand & Gravel, Inc. v. Rueck* (1975), 28 Ill. App. 3d 460, 328 N.E.2d 679.) Here, the uncontroverted facts are that Jacobs was informed by the bank that there were unsufficient funds in Robinson's account to cover her check. On the basis of that information, he signed the following complaint:

"Patricia A. Robinson, who did with intent to pay for certain property of another, to-wit: ECon o Corp Inc., d/b/a Econ-o-mart, did issue and deliver a certain bank check dates September 5, 1974, drawn on the First National Bank, Rantoul, Illinois, payable to Econ o Mart and in the amount of eighty seven dollars and seventy nine cents /sic/ ($87.89) and signed as maker, Patricia A. Robinson, knowing that it would not be paid by the depository,* * *."

It is a question of fact whether Jacobs had a reasonable belief that Robinson intended to obtain the goods by check, knowing the bank would not pay, based on this information. Even if Jacobs' version of the phone call was considered, the fact that Robinson said she *would* deposit $1,000 in her account would seem to indicate that she did not have the intent to obtain the merchandise with a bad check.

■■ The other necessary element for a malicious prosecution action found by the trial court to be missing is malice. Malice means that a party is actuated by improper and indirect motives. (*Farris.*) In *Carbaugh v. Peat* (1963), 40 Ill. App. 2d 37, 47, 189 N.E.2d 14, 19, the court stated that: "The prosecution of a person with any motive other than that of bringing a guilty party to justice is a malicious prosecution in law." Plaintiff claims that malice is shown in this case by the fact that Jacobs used a *quasi-*criminal proceeding to collect the debt evidenced by the check. This contention is based on the following testimony given by Carlton Jacobs:

"A. The policy of the corporation is to attempt collection of any checks that may be written to the corporation through personal contact, either by telephone or letter. In the failure of this to recover the funds, we utilize the ordinance established by the Village of Rantoul to recover the funds.

Q. What ordinance is that?

A. I do not recall the ordinance number. There is an ordinance in Rantoul that makes it against the law in Rantoul to write a check to any business in Rantoul that will not be paid by the bank on presentation."

Defendant states that Jacobs signed the complaint and had nothing further to do with the prosecution. He knew nothing about it until November 1, 1974, when Robinson came into his store and paid cash for the amount of the check. The case was dismissed by the associate village attorney on the same day that Robinson made restitution in cash.

Defendant contends these facts show that Jacobs' only motive was to bring a law violator into a court of justice.

■■ Construing the pleadings against Jacobs, it appears from Jacobs' own statement that the prosecution was used as an inducement to recover the funds. Thus, according to *Carbaugh*, malice was present because the prosecution was used for a purpose other than bringing a guilty party to justice.

Thus—on both scores—we are required to reverse the circuit court's ruling on this count.

## EMOTIONAL DISTRESS

■■ Plaintiff next alleges the trial court erred in granting summary judgment on the count alleging intentional infliction of mental suffering and emotional distress. In *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 89-90, 360 N.E.2d 765, 767, the Illinois Supreme Court set forth the four-part test for the recovery of mental anguish and emotional distress:

> "First, the conduct must be extreme and outrageous.* * *
>
> Second, infliction of emotional distress alone is not sufficient to give rise to a cause of action.* * *
>
> Third, reckless conduct which will support a cause of action under the rules stated is conduct from which the actor knows severe emotional distress is certain or substantially certain to result.* * *
>
> Fourth, * * * the extreme and outrageous character of the conduct may arise from an abuse of a position or a relation with another which gives the actor actual or apparent authority over the other or power to affect his interests."

In attempting to collect a debt in *Davis*, the creditor called the debtor Davis several times weekly and an agent of the creditor called her at the hospital while she attended her sick daughter. After an agent induced her to write a check and promised that the check would not be processed, he phoned an acquaintance of Davis and informed her that Davis was writing bad checks. On another occasion, an employer of the creditor used Davis' phone to call the finance company and—in her presence— proceeded to describe Davis' household goods in detail. He also refused to leave the home until her son entered the room. Nevertheless, the Illinois Supreme Court found that such conduct was not of such an extreme and outrageous nature as to constitute a basis for recovery. The court went on to state that even though Davis suffered from hypertension and was nervous, the conduct itself still must constitute a major outrage.

In this case, although Jacobs' actions to collect on the check may have been hasty, they were not extreme and outrageous. On the basis of Davis, we must affirm the summary judgment on this count.

FALSE IMPRISONMENT

Finally, Robinson does not contest summary judgment in favor of the defendant on the count for false imprisonment.

Therefore, summary judgment in favor of the defendant on the counts for intentional infliction of emotional distress and false imprisonment are affirmed. Summary judgment on the count for malicious prosecution, however, is reversed and remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part, and remanded.

REARDON, P. J., and CRAVEN, J., concur.