RICHARD A. KEEFE, Plaintiff-Appellant, v. ALUMINUM COMPANY OF AMERICA, Defendant-Appellee.

First District (5th Division)   No. 87—0628

Opinion filed January 29, 1988.

Ronald Anthony Rascia, of Rascia & Rascia, of Chicago, for appellant.

Michael A. Stick, of Butler, Rubin, Newcomer, Saltarelli & Boyd, of Chicago, for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from an order dismissing with prejudice his three-count complaint against defendants, Aluminum Company of

America (Alcoa) and its attorneys, Winston & Strawn and Kimball R. Anderson, for malicious prosecution.[1] We affirm.

Alcoa initially brought an action against plaintiff to collect on a note that he had allegedly executed. He defended that action on the grounds that he had not signed the note and that there had been a novation. In a bench trial, the court rejected his defenses and entered judgment in favor of Alcoa. On appeal, we reversed, holding that the evidence introduced at trial was sufficient to support plaintiff's affirmative defense that the note had been discharged by a novation. (*Aluminum Co. of America v. Home Can Manufacturing Corp.* (1985), 134 Ill. App. 3d 676, 480 N.E.2d 1243.) Plaintiff thereafter filed a three-count complaint against Alcoa and its attorneys alleging that the action on the note was maliciously prosecuted. Thereafter, Alcoa's motion to dismiss pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) was granted and this appeal followed.

■ Actions for malicious prosecution of a civil proceeding are not favored in Illinois on the ground that courts should be open to litigants for resolution of their rights without fear of prosecution for calling upon the courts to determine such rights. (*Franklin v. Grossinger Motor Sales, Inc.* (1970), 122 Ill. App. 2d 391, 396, 259 N.E.2d 307.) A complaint for malicious prosecution based upon a prior civil proceeding must allege five distinct elements: (1) institution and prosecution of judicial proceedings by the defendant; (2) lack of probable cause for those proceedings; (3) malice in instituting the proceedings; (4) termination of the prior cause in plaintiff's favor; and (5) suffering by plaintiff of some special injury, beyond the anxiety, loss of time, attorney fees and necessity for defending one's reputation which are the common incidents of most lawsuits. (*Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 818, 372 N.E.2d 685.) Although plaintiff's complaint appears to be deficient in several respects, we shall confine our discussion to two of the elements of the cause of action—lack of probable cause and special injury.

■ In the context of a civil action, probable cause has been defined as that set of facts that would lead a person of ordinary caution and prudence to believe that he had a justifiable claim against the defendant. (*Hulcher v. Archer Daniels Midland Co.* (1980), 88 Ill. App. 3d 1, 4, 409 N.E.2d 412.) Normally, this is a question to be decided by the trier of fact. (88 Ill. App. 3d at 4.) In certain circum-

---

[1]Defendants Winston & Strawn and Kimball R. Anderson were never served with process in the trial court and are not parties to this appeal.

stances, however, probable cause may exist as a matter of law.

In *Breytspraak v. Gordon* (1933), 333 Ill. App. 650, 77 N.E.2d 860 (abstract of opinion), the court held that a civil judgment entered by the circuit court in a prior action constituted conclusive evidence of probable cause for instituting that action, even though that judgment was subsequently reversed on appeal. Our research has not disclosed any other Illinois cases on point. We note, however, that the holding in *Breytspraak* is in accord with the majority rule in this country[2] and with the Restatement (Second) of Torts.[3] "The rationale for drawing the inference of conclusiveness," one court explained, "appears to be that a competent tribunal is not likely to render a decision for a party who lacked probable cause for initiating the action." (*Nagy v. McBurney* (1978), 120 R.I. 925, 931, 392 A.2d 365, 368.) In our judgment, the decision in *Breytspraak* is dispositive on the issue of probable cause and requires affirmance of the court's order dismissing plaintiff's complaint.

■■ We also are of the opinion that plaintiff failed to plead any "special injury." An action for the malicious prosecution of a civil suit without probable cause generally will not lie where the process in the suit so prosecuted is by summons only and is not accompanied by the arrest of the person, the seizure of his property or some other special injury to the defendant not necessarily resulting in all suits prosecuted to recover for like causes of action. *Petrick v. Kaminski* (1979), 68 Ill. App. 3d 649, 650, 386 N.E.2d 636. See also *Bank of Lyons v. Schultz* (1980), 78 Ill. 2d 235, 239, 399 N.E.2d 1286.

It is undisputed that process in the action was by summons only. Plaintiff did not allege in his complaint that any of his property was seized and he admitted in his response to Alcoa's motion to dismiss that he was never arrested or incarcerated and that no writ of attachment was ever issued. The question remaining, then, is whether the complaint pleads any "special injury" to plaintiff. In our judgment, it does not.

The special injury requirement in a malicious prosecution action is injury "over and above the ordinary expense and trouble attendant upon the defense of an ordinary civil suit." (*Schwartz v. Schwartz* (1937), 366 Ill. 247, 262, 8 N.E.2d 668.) Here, plaintiff alleged that he was forced to expend time and money to defend himself in an earlier

---

[2]Unless the judgment in the prior civil proceeding was obtained by fraud, perjury or other improper means, the judgment conclusively establishes the existence of probable cause for bringing the former action, even though it was subsequently reversed on appeal. See Annot., 58 A.L.R.2d 1422 (1958).

[3]Restatement (Second) of Torts, Section 675, Comments *b, i* (1977).

action, that in discovery proceedings he was examined regarding his personal and business affairs and that his wife was deposed. These litigation inconveniences, however, do not constitute "special injury" because they are common to most lawsuits. See *McCutcheon v. Moran* (1981), 99 Ill. App. 3d 421, 426, 425 N.E.2d 1130; *Lasswell v. Ehrlich* (1981), 92 Ill. App. 3d 935, 937-38, 416 N.E.2d 423; *Savage v. Seed* (1980), 81 Ill. App. 3d 744, 747, 401 N.E.2d 984 (and the cases cited therein).

In his response to the motion to dismiss, plaintiff also claimed that citation proceedings were commenced against him and that the unsatisfied judgment "was made public record and appeared on [his] credit history." These additional allegations, however, do not constitute "special injury." *Nemanich v. Long Grove Country Club Estates, Inc.* (1970), 119 Ill. App. 2d 169, 173, 255 N.E.2d 466 (filing of a *lis pendens* notice and impairment of credit rating as a result of pending litigation could not be considered as special injury).

Upon our review of plaintiff's complaint for malicious prosecution, it is apparent that he has failed to allege the essential elements of probable cause or special injury. Accordingly, we believe that his complaint was properly dismissed.

Affirmed.

LORENZ, P.J., and MURRAY, J., concur.