RICHARD J. GESKE, Plaintiff-Appellant, v. BARBARA A. GESKE, Defendant-Appellee.

First District (3rd Division)   No. 1—02—1743

Opinion filed September 30, 2003.—Rehearing denied October 27, 2003.

Curtis E. Edlund, of Larsen & Edlund, of Park Ridge, for appellant.

Y. Jacqueline Perkins, of Arlington Heights, for appellee.

JUSTICE SOUTH delivered the opinion of the court:

This is the second appeal which arises from an order of the circuit court reopening its decision on defendant's motion for a directed finding upon remand and granting that motion.

The chronology of events is as follows: On February 3, 1999, plaintiff, Richard J. Geske, filed a two-count complaint against defendant, Barbara A. Geske, alleging unjust enrichment and fraud. Specifically, the complaint alleged that defendant had been unjustly enriched by depriving plaintiff of his ownership interests in property and income and had fraudulently entered into an agreement with plaintiff, thereafter defrauding him of his property and income interests. A bench trial was commenced on June 5, 2001. At the conclusion of plaintiff's case in chief, defendant made a motion for a directed finding, which the trial court denied. Immediately after that ruling, defense counsel rested without presenting testimony or documentary evidence, and after closing arguments the trial judge ruled in defendant's favor as to both counts of the complaint.

On July 5, 2001, plaintiff filed a notice of appeal of the ruling to this court. On March 7, 2002, in a unanimous Rule 23 order reversing and remanding the trial court's ruling, this court held in pertinent part:

"Here, the defendant moved for a directed finding, each side argued the motion's merits, and the trial judge denied the motion. In doing so, the trial judge did not merely determine that the plaintiff had made a *prima facie* case and, therefore, a judgment as a matter of law in the defendant's favor was improper. Instead, the trial judge also took into account the credibility of the witnesses and the

quality of the evidence and found that the plaintiff's evidence was sufficient to satisfy the required burden of proof. *** Accordingly, when the defendant rested without offering any additional evidence, the initial determination that the plaintiff had satisfied his required burden of proof was unchallenged. Therefore, we hold that the trial judge erred in finding that the plaintiff had failed to satisfy his required burden of proof and entering a judgment in the defendant's favor." *Geske v. Geske*, No. 1—01—2512 (2002) (unpublished order under Supreme Court Rule 23).

This court did not address any other issues raised by plaintiff and reversed and remanded the cause to the circuit court for further proceedings "not inconsistent with this order." A petition for rehearing filed by defendant was denied.

On remand, plaintiff filed a motion for "Entry of Order in Favor of Plaintiff on Counts of Unjust Enrichment and Fraud and For Entry of an Order for Damages Consistent with the Illinois Appellate Court's Ruling." In her response to that motion, defendant pointed out that this court never directed the trial court to enter any findings, judgments or awards of damages for plaintiff. Defendant asked the trial court to deny all relief, enter an order clarifying the reasons for its original finding or, in the alternative, reopen the proofs at the point at which the court denied plaintiff's motion for a directed finding and allow her to present evidence in support of her defense.

The trial court denied plaintiff's motion and ruled in favor of defendant on both counts of her motion for a directed finding. In rendering its decision, the court stated:

"Let me say this. There's no question that 2—1110 applies. I frankly was not aware of the statute. When you moved for a directed finding at the close of all the evidence *** you didn't, I'm virtually certain, cite the statute, and I *** applied the *Pedrick* standard. I don't know whether I actually said that on the record, but there's no doubt that I did apply the *Pedrick* standard and that is the wrong standard in civil bench trials. *** Basically, the statute calls for a jury-type assessment; did the plaintiff establish his case by a preponderance of the evidence considering and weighing all of the evidence *** I just want to point out the difference between the standard for directed verdicts in bench trials. We have to start out from that premise. *** [T]he Appellate Court was correct in pointing out that I did not apply [*sic*] correct standard. *** When [defense counsel] moved for a directed finding, she did not argue 2—1110. Frankly, I wasn't aware of its existence when this case was tried. Neither of the parties urged that that is the standard I was to apply. I believe, [defense counsel], you argued that the *Pedrick* standard was the law for me to consider, and I obviously ruled from that legal position."

The court went on to explain that when it originally ruled on defendant's motion for a directed finding by applying the incorrect standard, it had considered the evidence in the light most favorable to plaintiff, the nonmoving party, and denied the motion because it did not believe the evidence "so overwhelmingly" favored defendant, the moving party. The trial judge acknowledged time and time again that he had made a mistake since the *Pedrick* standard does not apply in civil bench trials.

The trial judge then reviewed his notes from the original trial, and after applying the correct standard, section 2—1110 of the Code of Civil Procedure (735 ILCS 5/2—1110 (West 2000)), and after considering the credibility of the witnesses and the weight and quality of the evidence, granted defendant's motion for a directed finding, stating that he did not find plaintiff's testimony to be credible. This second appeal followed.

Plaintiff has raised three issues for our review: (1) whether questions of law presented and determined in a prior appeal become the law of the case and are binding on the parties and the trial court in any subsequent proceeding on remand; (2) whether the trial court can *sua sponte* reopen its decision of the defendant's motion for a directed verdict after remand when the trial court's decision was not appealed by the defendant; and (3) whether the trial court on remand must follow the opinion and mandate of the appellate court.

■ In ruling on a motion for a directed finding or judgment, the court must consider all of the evidence, including any favorable to the defendant, and pass on the credibility of witnesses, draw reasonable inferences from the testimony, and generally consider the weight and the quality of the evidence. *Kokinis v. Kotrich*, 81 Ill. 2d 151, 154 (1980). On appeal, the decision of the trial court should not be reversed unless it is contrary to the manifest weight of the evidence. *Kokinis*, 81 Ill. 2d at 154.

■ On remand, the trial judge conceded that he had applied the wrong standard in his original ruling on the motion for a directed finding because he applied the *Pedrick* standard rather than section 2—1110. In *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494 (1967), our supreme court held that "verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick*, 37 Ill. 2d at 510.

■ Section 2—1110 of the Code of Civil Procedure (Code) states in pertinent part:

"In all cases tried without a jury, defendant may, at the close of

plaintiff's case, move for a finding or judgment in his or her favor. In ruling on the motion the court shall weigh the evidence, considering the credibility of the witnesses and the weight and quality of the evidence. If the ruling on the motion is favorable to the defendant, a judgment dismissing the action shall be entered. If the ruling on the motion is adverse to the defendant, the defendant may proceed to adduce evidence in support of his or her defense ***." 735 ILCS 5/2—1110 (West 2000).

Contrary to the *Pedrick* standard, which governs a motion for a directed verdict during a jury trial, under section 2—1110 the court is not to view the evidence in the light most favorable to the plaintiff. *Kokinis*, 81 Ill. 2d at 154. Rather, the circuit court must weigh all of the evidence, determine the credibility of the witnesses, and draw reasonable inferences therefrom. *Kokinis*, 81 Ill. 2d at 154-55.

■ In Illinois there is a two-stage process when a trial court rules on a motion for a directed verdict at the close of the plaintiff's evidence in a bench trial. First, the judge must determine whether the plaintiff has made out a *prima facie* case. *Kokinis*, 81 Ill. 2d at 154-55. Secondly, the judge, as the trier of fact, must weigh the evidence, and based on the weighing make a ruling. *Kokinis*, 81 Ill. 2d at 154-55. If the plaintiff fails to make out a *prima facie* case, the defendant is entitled to judgment in his favor as a matter of law, and the court must enter a directed finding in favor of the defendant without going to the second stage under section 2—1110. *Kokinis*, 81 Ill. 2d at 154-55. If the plaintiff has presented at least some evidence on every element essential to the plaintiff's cause of action, the plaintiff has succeeded in making out a *prima facie* case, and the judge, as the trier of fact, must move on to the second stage of the process. *Kokinis*, 81 Ill. 2d at 154-55.

■ Trial courts have the inherent power to correct their previous rulings. *People v. Van Cleve*, 89 Ill. 2d 298, 432 N.E.2d 837 (1982). It would be absurd to suppose that trial judges who conclude they have made mistakes should not be free to correct them within an appropriate time frame.

Here, the trial judge acknowledged numerous times that he had made a mistake when he originally ruled on the motion for a directed finding by applying the *Pedrick* standard rather than the *Kokinis*-section 2—1110 standard. We find, therefore, that having once determined he had erred by applying an incorrect standard, the trial judge had the inherent authority to reopen the motion for a directed finding and rule on it accordingly by applying the correct standard.

Having determined that the judge was not in error in reopening the motion for a directed finding, we must now determine whether his

decision that plaintiff had failed to establish a *prima facie* case was against the manifest weight of the evidence.

■ Only two witnesses testified at trial, plaintiff and defendant. According to the testimony, there was an oral agreement between plaintiff and defendant that plaintiff would move back into the home, at defendant's request, in exchange for his helping her raise and care for their teenage daughter. Plaintiff testified that defendant induced him to return to the marital property by promising him that they would "share in everything." Plaintiff lived in that home for 24 years, purchased automobiles, some of which were new, took vacations, and basically lived independently from defendant.

Initially, the court noted that plaintiff's testimony was lacking in credibility. As to the first count of the complaint alleging unjust enrichment, the trial judge held that the oral agreement between plaintiff and defendant that plaintiff would move back into the marital abode to help defendant with the raising of their teenage daughter was unenforceable under the statute of frauds because it was not in writing and could not be performed within one year. The court also found that the agreement was lacking in consideration.

As to the second count of the complaint alleging fraud, the court held that plaintiff was required to establish an intentional misrepresentation of fact upon which he was induced to rely by defendant which resulted in his pecuniary detriment. The court found, however, that plaintiff lived independently and did not suffer any pecuniary or financial harm because he moved back into the marital home and had been "taken care of" since that time. Consequently, the court ruled there was no misrepresentation and, therefore, no fraud, and that plaintiff had not sustained his burden of proof either in tort or contract. In rendering its decision, the court stated:

> "The defendant was kind enough to her former husband to let him stay in her house, much to her chagrin, and your client[,] somehow feeling aggrieved, feeling that he was entitled to 'palimony,' if you will, under the guise of fraudulent misrepresentation came in and offered his testimony, which I found was largely not credible. Your client was basically able to freeload off his ex-wife because she didn't have the nerve I guess or was too kind to put him out of her house. There was no jural relationship between the parties after 1974 when the degree [*sic*] of divorce was entered. He paid rent and I guess in reviewing the evidence bought a conversion van at one time during this relationship, but he did little else. He was really no more than a common law tenant."

After reviewing the evidence and the record in this case, we find that the trial court's findings were not against the manifest weight of

the evidence once it applied the section 2—1110 standard on remand. The court was in the best position to judge the credibility of the witnesses, observe their manner and demeanor while testifying and resolve the conflicts in their testimony. For these reasons we shall not disturb those findings.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HALL, J., concurs.

PRESIDING JUSTICE HOFFMAN, dissenting:

The facts relevant to a resolution of this appeal are not in dispute. The plaintiff filed a two-count amended complaint against the defendant asserting claims for unjust enrichment and fraud. The matter proceeded to trial without a jury. At the close of the plaintiff's case in chief, the defendant moved for a directed finding pursuant to section 2—1110 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1110 (West 2000)). The trial court denied the motion. Thereafter, the defendant rested without introducing any additional evidence. Following a brief deliberation, the trial judge entered a judgment in favor of the defendant on both counts. The plaintiff appealed, contending that the court's judgment was inconsistent with its denial of the defendant's motion for a directed finding. We agreed, reversed the judgment, and remanded the matter to the circuit court for further proceedings. *Geske v. Geske*, No. 1—01—2512 (2000) (unpublished order under Supreme Court Rule 23) (hereinafter referred to as *Geske I*).

On remand, the trial court *sua sponte* vacated its order denying the defendant's motion for a directed finding at the close of the plaintiff's case in chief, granted the motion, and again entered judgment in favor of the defendant. Thereafter, the plaintiff filed the instant appeal. I would again reverse the trial court's judgment in this matter.

When this court reverses an order of the circuit court and remands the cause for further proceedings, the circuit court is bound by our determination of all issues decided and may act only in conformity with our judgment. *Aardvark Art, Inc. v. Lehigh/Steck-Warlick*, 284 Ill. App. 3d 627, 633, 672 N.E.2d 697 (1996). I believe that the procedure employed by the circuit court in this case on remand was inconsistent with the determinations made by this court in *Geske I*.

In *Geske I*, we held that "the trial judge erred in finding that the plaintiff had failed to satisfy his required burden of proof and entering a judgment in the defendant's favor." As a consequence, we reversed

the judgment entered in favor of the defendant and remanded the cause for further proceedings *"not inconsistent"* with our order. (Emphasis added.) *Geske I*, No. 1—01—2512. On remand, the trial court vacated its order denying the defendant's motion for a directed finding at the close of the plaintiff's case in chief, granted the motion, and again entered judgment in favor of the defendant. Implicit in the trial court's order is a finding that the plaintiff failed, in his case-in-chief, to satisfy his required burden of proof. The finding is obviously inconsistent with our determination of the same issue in *Geske I*.

When, as in *Geske I*, this court remands a cause to the circuit court with directions to proceed in a manner not inconsistent with our order, the correctness of the trial court's action on remand is to be determined by reference to the content of our order. *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 308, 427 N.E.2d 563 (1981). The defendant asserts that the direction we gave in *Geske I* was "vague." To be sure, we did not specifically direct the trial court to enter judgment in favor of the plaintiff. However, our failure in this regard could in no instance be interpreted as permitting the trial court to enter judgment for the defendant predicated upon a finding wholly inconsistent with a determination that this court had made on the same issue.

When we reversed the trial court's judgment for the defendant in *Geske I* and remanded the cause with a direction to conduct further proceedings not inconsistent with our order, I believe that only two options were available to the trial court. It could have entered judgment in favor of the plaintiff or, in the exercise of its discretion, it could have reopened proofs and continued on with the trial. Unfortunately, the trial court chose neither option and instead embarked upon a course of action which I believe was inconsistent with this court's prior order.

I would reverse the judgment entered in favor of the defendant and remand this cause to the circuit court for further proceedings not inconsistent with our order in *Geske I*. Consequently, I must respectfully dissent.