GLEN HOWARD, Plaintiff-Appellant, v. BETHANY FIRMAND, Defendant-Appellee.

First District (1st Division)    No. 1—06—2019

Opinion filed December 17, 2007.

GARCIA, J., specially concurring.

Robert G. Kirchner and Ruth E. Wyman, both of Robert E. Kirchner Law Office, of Chicago, for appellant.

Paul B. O'Flaherty and Anne T. Stinneford, both of Cheely, O'Flaherty & Ayers, of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff Glen Howard appeals a summary judgement order for defendant Bethany Firmand on his complaint for malicious prosecu-

tion. The trial court held Firmand had probable cause as a matter of law to initiate the underlying civil proceedings against Howard. We disagree with the finding that probable cause was established as a matter of law, but we affirm the order of summary judgment based on plaintiff's failure to establish the special injury required in a complaint for malicious prosecution.

Firmand and Howard lived together in Champaign-Urbana and attended the University of Illinois. The couple had an argument on November 21, 2000, and Firmand moved out. On November 25, 2000, Howard filed a police report, alleging Firmand had taken some of his property when she left. On November 28, 2000, Firmand filed a petition in the circuit court of Champaign County for a plenary order of protection against Howard under section 214(a) of the Illinois Domestic Violence Act of 1986 (Act) (750 ILCS 60/214(a) (West 2000)). Firmand alleged in the petition that Howard had physically abused her. An emergency order of protection was entered. After a hearing on the petition during which Howard denied Firmand's allegations, the trial court denied the petition for a plenary order of protection.

On February 19, 2001, Howard filed a motion for attorney fees under section 226 of the Act (750 ILCS 60/226 (West 2000)) and Supreme Court Rule 137 (155 Ill. 2d R. 137). Howard alleged Firmand's allegations of abuse were untrue and made without reasonable cause. The trial court denied the petition.

Firmand filed a second petition for a plenary order of protection against Howard a week later, on February 26, 2001. Howard again denied the allegations of abuse made by Firmand. The trial court denied the petition, finding Firmand's testimony to be less credible than that offered by Howard and witnesses testifying on his behalf. With one justice dissenting, the appellate court affirmed the denial of that order of protection on May 7, 2003. See *Firmand v. Howard*, No. 4—02—0785 (2003) (unpublished order under Supreme Court Rule 23) (*Firmand I*).

While these proceedings were pending, Firmand filed charges against Howard for misdemeanor domestic abuse and felony stalking. The State filed a criminal complaint against Howard but the charges were later dismissed. Firmand was also successful in bringing about disciplinary proceedings against Howard by the University of Illinois. As a result of those proceedings, the university delayed issuing Howard a diploma.

Howard filed a three-count complaint against Firmand on November 27, 2002. Two of the counts—for replevin and conversion— were voluntarily dismissed and are not at issue here. The third count, which is at issue, alleged malicious prosecution grounded on the two

earlier order of protection proceedings. The criminal charges and university action were not included as grounds for the complaint.

Firmand moved for summary judgment on the malicious prosecution claim. Firmand alleged she had probable cause to seek the orders of protection. See *Ely v. National Super Markets, Inc.*, 149 Ill. App. 3d 752, 758, 500 N.E.2d 120 (1986) (existence of probable cause is a complete defense to an action for malicious prosecution). Firmand relied on the dissenting opinion in *Firmand I*. She argued the fact that one justice on the panel believed her petition should have been granted was sufficient to show she had probable cause to bring the petition in the first instance. Without citation to authority, the trial court agreed and granted Firmand's motion for summary judgment. Howard appeals.

Summary judgment is proper where the pleadings, depositions, admissions and affidavits on file, when viewed in the light most favorable to the nonmoving party, reveal there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2002); *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315, 821 N.E.2d 269 (2004). We review the entry of summary judgment *de novo* and may affirm on any ground appearing in the record. *Home Insurance*, 213 Ill. 2d at 315.

■ "A malicious prosecution action is brought to recover damages suffered by one against whom a suit has been filed maliciously and without probable cause." *Miller v. Rosenberg*, 196 Ill. 2d 50, 58, 749 N.E.2d 946 (2001). A plaintiff who files a complaint for malicious prosecution based on an earlier civil proceeding must show: (1) the defendant instituted the underlying suit without probable cause and with malice; (2) the former action was terminated in the plaintiff's favor; and (3) the plaintiff suffered a special injury beyond the usual expense, time or annoyance in defending the underlying action. *Miller*, 196 Ill. 2d at 58. Probable cause is a complete defense to an action for malicious prosecution. *Ely*, 149 Ill. App. 3d at 758.

■ The underlying actions here were filed under section 214(a) of the Act. That statute authorizes the trial court to enter an order of protection to prevent abuse by one household member to another. 750 ILCS 60/214(a) (West 2000). "Abuse" is defined by the Act as "physical abuse, harassment, intimidation of a dependent, interference with personal liberty or willful deprivation." 750 ILCS 60/103(1) (West 2000). Firmand alleged as grounds for filing the section 214(a) petitions that Howard had physically abused, threatened and stalked her. Howard denied the truth of Firmand's allegations. The trial court and the appellate court orders entered in the underlying proceedings show that resolution of both petitions rested on witness credibility.

■ We are asked to review whether Firmand had probable cause to initiate those proceedings. "Probable cause is a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged." *Fabiano v. City of Palos Hills*, 336 Ill. App. 3d 635, 642, 784 N.E.2d 258 (2002). "Probable cause is determined at the time of subscribing a criminal complaint: '[There must be] an *honest* belief by the complainant at the time of subscribing a criminal complaint that another is probably guilty of an offense; it is immaterial that the accused may thereafter be found not guilty.' " (Emphasis added.) *Ely*, 149 Ill. App. 3d at 758, quoting *Mangus v. Cock Robin Ice Cream Co.*, 52 Ill. App. 3d 110, 116, 367 N.E.2d 203 (1977); see also *Johnson v. Target Stores, Inc.*, 341 Ill. App. 3d 56, 72, 791 N.E.2d 1206 (2003) (relevant inquiry is whether the complainant had an honest belief that the accused committed an offense). "The existence of probable cause is a mixed question of law and fact." *Fabiano*, 336 Ill. App. 3d at 642. "Whether the circumstances alleged to show probable cause are true is a question of fact, but, if true, whether those circumstances amount to probable cause is a question of law to be decided by the court." *Fabiano*, 336 Ill. App. 3d at 642.

Firmand argues she had probable cause as a matter of law to file the section 214(a) petitions against Howard. Firmand, as did the trial court, relies on the fact that the dissenting justice in *Firmand I* would have reversed the denial of Firmand's second petition and granted the order of protection. We fail to see the relevancy of a dissenting justice's opinion in any context. Firmand cites to no case, nor could we find one, where the dissenting opinion of a justice in one case may be cited as persuasive authority to support a ruling by a trial judge in a subsequent proceeding involving the same parties. The relevant inquiry is whether Firmand had an honest belief that Howard had committed abuse under section 214(a) of the Act when she filed the petitions for orders of protection. *Ely*, 149 Ill. App. 3d at 758; see also *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 348, 733 N.E.2d 835 (2000) ("[i]t is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused, that is at issue"); *Pease v. International Union of Operating Engineers Local 150*, 208 Ill. App. 3d 863, 876, 567 N.E.2d 614 (1991), citing *Lyons v. Kanter*, 285 Ill. 336, 341, 120 N.E. 764 (1918) (a finding of probable cause to arrest or detain a defendant is not conclusive as to whether probable cause existed in subsequent civil proceeding for malicious prosecution). Firmand's other arguments that favorable rulings in the underlying proceedings establish her probable cause as a matter of law fail for the same reason.

Howard argues summary judgment was improper because there exists a question of fact as to whether Firmand had probable cause to file the section 214(a) petitions. The parties have not cited, nor have we found, a case directly on point with the facts presented here: a complaint for malicious prosecution based on the filing of a petition for an order of protection under the Act. But there are several Illinois cases that have found, where the circumstances giving rise to an alleged malicious prosecution are in dispute, the appropriate venue to resolve that dispute is before a jury and not by a court as a matter of law. In *Salmen v. Kamberos*, 206 Ill. App. 3d 686, 565 N.E.2d 6 (1990), for example, the plaintiff alleged that the defendant caused criminal charges for assault and battery to be filed against him while knowing the charges were unjustified and lacking probable cause. *Salmen*, 206 Ill. App. 3d at 687. On appeal from a jury verdict in the plaintiff's favor, the defendant argued the jury's finding that she lacked probable cause to initiate the criminal proceedings was against the manifest weight of the evidence. *Salmen*, 206 Ill. App. 3d at 691. After noting that the case presented a "simple question of credibility," the court concluded: "Whether the defendant had probable cause to bring criminal charges against the plaintiff was a question of fact for the jury." *Salmen*, 206 Ill. App. 3d at 691. See also *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 733 N.E.2d 835 (2000) (reversing summary judgment because a question of fact existed as to whether the defendants had probable cause to initiate criminal proceedings against the plaintiff); *Robinson v. Econ-O-Corporation, Inc.*, 62 Ill. App. 3d 958, 379 N.E.2d 923 (1978) (reversing summary judgment because a question of fact existed as to whether the defendant had a "reasonable belief" that the plaintiff had committed a crime at the time he filed a deceptive practices charge).

The circumstances giving rise to Firmand's filing of the section 214(a) petitions were her allegations that Howard committed abuse within the meaning of the Act. Those allegations were, and continue to be, disputed. It is only when the circumstances alleged to show probable cause are not disputed that the cause can be decided as a matter of law. *Fabiano*, 336 Ill. App. 3d at 642 ("[w]hether the circumstances alleged to show probable cause are true is a question of fact, but, if true, whether those circumstances amount to probable cause is a question of law to be decided by the court"). Because the truth of Firmand's abuse allegations are disputed, summary judgment based on a finding of probable cause as a matter of law should not have been granted.

But that is not the end of the matter. Firmand argues as an alternative ground for affirmance that summary judgment was proper

because Howard cannot show he suffered a special injury. See *Miller*, 196 Ill. 2d at 58 ("special injury" is a necessary element to a cause of action for malicious prosecution). Although the trial court did not rule on this argument, Firmand did raise special injury in her motion for summary judgment. The issue is properly before the court. See *Beahringer v. Page*, 204 Ill. 2d 363, 370, 789 N.E.2d 1216 (2003) (appellee may advance any argument in support of the judgment on appeal regardless of whether the trial court ruled on that argument, so long as the factual basis for the argument was before the trial court).

"Special injury" in the context of a malicious prosecution action has been defined as "special damage beyond the usual expense, time or annoyance in defending a lawsuit." *Levin v. King*, 271 Ill. App. 3d 728, 730, 648 N.E.2d 1108 (1995). An example of special injury has been defined as "an arrest or seizure of property or some constructive taking or interference with the person or property." *Levin*, 271 Ill. App. 3d at 730-31. The purpose of a special injury component in malicious prosecution complaints is to "maintain a proper balance between the societal interest in preventing harassing suits and in permitting the honest assertion of rights in our court rooms." *Cult Awareness Network v. Church of Scientology International*, 177 Ill. 2d 267, 284, 685 N.E.2d 1347 (1997).

Howard alleged in his complaint that he suffered special injury in that the two section 214(a) petitions: (1) interfered with his "person" and (2) jeopardized his status as a student and resulted in a delay in obtaining his degree. Howard did not specify how Firmand's conduct interfered with his person beyond the customary expense, time or annoyance in defending a lawsuit. See *Levin*, 271 Ill. App. 3d at 730; see also *Beahringer*, 204 Ill. 2d at 369 ("[a] plaintiff must allege facts sufficient to bring his or her claim within the scope of the cause of action asserted"). Also, the record does not show a correlation between the university action—which resulted in the delayed degree—and Firmand's civil actions brought under section 214(a) of the Act.

In arguing Firmand's motion for summary judgment before the trial court, Howard claimed he had shown special injury as a matter of law under *Cult*. The defendants there, various members of the Church of Scientology, filed 21 lawsuits against the plaintiff, a not-for-profit corporation engaged in educating the public on religious rights, freedoms and responsibilities. *Cult*, 177 Ill. 2d at 269. The plaintiff later filed a complaint against the defendants, alleging they conspired with each other to carry on a campaign of malicious prosecution to keep the plaintiff from engaging in the business of disseminating information on religious freedom. *Cult*, 177 Ill. 2d at 269, 285. The plaintiff's complaint was dismissed for failure to allege a special injury.

*Cult*, 177 Ill. 2d at 268-69. The plaintiff argued on appeal to the supreme court that the filing of 21 meritless lawsuits, by its very nature, constituted a special injury. *Cult*, 177 Ill. 2d at 283. The court agreed, relying on *Shedd v. Patterson*, 302 Ill. 355, 134 N.E. 705 (1922).

The plaintiff in *Shedd* brought a malicious prosecution action against the defendant after the defendant had filed nine successive lawsuits against the plaintiff. *Shedd*, 302 Ill. at 356. All nine lawsuits related to the foreclosure of a leasehold estate for unpaid rents. *Shedd*, 302 Ill. at 356. The *Shedd* court held that once a litigant has had his day in court and his rights determined, he may not return to harass the same opponent about the same issues. *Shedd*, 302 Ill. at 360. The court concluded the plaintiff suffered a special injury in having to defend against all nine frivolous lawsuits. *Shedd*, 302 Ill. at 360-61.

The court in *Cult* noted that in creating the special injury rule, *Shedd* and its predecessors were concerned with the balance between allowing a citizen to bring an honest cause of action to assert his rights and preventing lawsuits intended only to harass. *Cult*, 177 Ill. 2d at 284. The court concluded that the balance had been upset in that case. *Cult*, 177 Ill. 2d at 284-85. The court held the onslaught of 21 legal actions could hardly be deemed "ordinary" and was sufficient in and of itself to establish a special injury. *Cult*, 177 Ill. 2d at 284-85.

The facts here do not rise to the level of harassment that concerned the court in *Shedd* and *Cult*. There was no onslaught of litigation here. Nor did Firmand bring several successive petitions against Howard. Firmand filed two section 214(a) petitions and alleged different facts in each. The only injury suffered by Howard was the customary expense, time or annoyance in defending against the litigation. These injuries are not sufficient to sustain a cause of action for malicious prosecution. See *Levin*, 271 Ill. App. 3d at 730.

We affirm the trial court's grant of summary judgment on the ground that Howard has failed to show he suffered a special injury.

Affirmed.

McBRIDE, J., concurs.

JUSTICE GARCIA, specially concurring:

While I agree that no special injury has been pled by Howard, I also agree with the trial court that Firmand was entitled to summary judgment because probable cause as a matter of law existed for Firmand's filing of each petition for a plenary order of protection. The majority is correct that the appellate court's split decision on the appeal of the denial of the second plenary order of protection affords Fir-

mand no support for her claim of the existence of probable cause; however, I believe probable cause was conclusively established on the basis of the separate determinations by the two Champaign County circuit courts that Howard was not entitled to judgment under section 2—1110 of the Code of Civil Procedure (735 ILCS 5/2—1110 (West 2002)) at the close of each of Firmand's cases.

Under section 2—1110, the trial court in considering a motion for judgment at the close of the plaintiff's case engages in a weighing process of the evidence presented thus far. "The court must consider all of the evidence, including any favorable to the defendant, and is to pass on the credibility of witnesses, draw reasonable inferences from the testimony, and generally consider the weight and the quality of the evidence." *Kokinis v. Kotrich*, 81 Ill. 2d 151, 154, 407 N.E.2d 43 (1980).[1] The question before the trial court at the close of the plaintiff's case in the face of the section 2—1110 motion is whether the plaintiff is entitled to a verdict if the defendant rests without adducing any evidence. See *Geske v. Geske*, 343 Ill. App. 3d 881, 887-88, 799 N.E.2d 829 (2003) (Hoffman, P.J., dissenting) (in light of the procedural history of the bench trial leading to a reversal in the first appeal, where the trial court made inconsistent rulings by denying the section 2—1110 motion but entered judgment for the defendant when he rested without introducing any evidence, it was improper for the trial court to vacate "its order denying the defendant's motion for a directed finding at the close of the plaintiff's case in chief, grant[ ] the motion, and again enter[ ] judgment in favor of the defendant"). In other words, the trial court determines whether the evidence at the close of the plaintiff's case preponderates in favor of the plaintiff. If so, the motion is denied and the case proceeds as if the section 2—1110 motion had not been made.[2] *Kokinis*, 81 Ill. 2d at 155. This is precisely

---

[1]While the majority in *Kokinis* addressed overcoming a section 2—1110 motion in terms of establishing a *prima facie* case, Justice Ryan in his concurrence advocated a preponderance of the evidence standard. *Kokinis*, 81 Ill. 2d at 157-59 (Ryan, J., concurring). When a section 2—1110 motion is denied, it is fairly certain that the analysis and outcome are the same under either standard. See *Jackson v. Navik*, 37 Ill. App. 3d 88, 91-92, 346 N.E.2d 116 (1976) (courts have alternated between the *prima facie* case and the preponderance of the evidence standards).

[2]The weighing process provision was added to the predecessor of section 2—1110 (section 64(5) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 64(5))) in 1955. See *Hawthorn Mellody Farms Dairy, Inc. v. Rosenberg*, 11 Ill. App. 3d 739, 743, 297 N.E.2d 649 (1973). Because this case turns on the significance of the weighing process of section 2—1110, cases that predate the amendment have no bearing on this case.

what occurred in each of the civil proceedings below in Champaign County.

In each proceeding below, the trial court denied Howard's motion for judgment at the close of the plaintiff's case, necessarily finding that the preponderance of the evidence at that point favored Firmand. In other words, had Howard rested without introducing any evidence, the plenary order of protection would have been granted. See *Geske*, 343 Ill. App. 3d 881. From each trial court's determination that Howard was not entitled to judgment at the close of each of Firmand's cases, it necessarily follows that Firmand had established probable cause to support each of her petitions. "[P]robable cause is a flexible, common-sense standard. *** [I]t does not demand any showing that [is] *** more likely true than false." *Texas v. Brown*, 460 U.S. 730, 742, 75 L. Ed. 2d 502, 514, 103 S. Ct. 1535, 1543 (1983). While a "numerically precise degree of certainty corresponding to 'probable cause' may not be helpful, it is clear that 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.' " *Illinois v. Gates*, 462 U.S. 213, 235, 76 L. Ed. 2d 527, 546, 103 S. Ct. 2317, 2330 (1983), quoting *Spinelli v. United States*, 393 U.S. 410, 419, 21 L. Ed. 2d 637, 645, 89 S. Ct. 584, 590 (1969). It is incontrovertible that probable cause requires less of an evidentiary showing than a preponderance of the evidence.

The Champaign County trial courts having found in each instance that Howard was not entitled to judgment at the close of Firmand's case, it necessarily follows that a preponderance of the evidence at that point favored Firmand and she had probable cause to support the filing of each of her petitions.

Further, this outcome is consistent with the trial court's denial, in the first proceeding, of Howard's motion for attorney fees, which he premised on his claim that Firmand's allegations in her order of protection petition were untrue. In this respect, I also disagree with any suggestion by the majority that in the second proceeding, the trial court's ultimate assessment of "finding Firmand's testimony to be less credible than that offered by Howard and witnesses testifying on his behalf" (378 Ill. App. 3d at 148) should have any bearing on the question of probable cause.[3] See *Mangus v. Cock Robin Ice Cream Co.*, 52 Ill. App. 3d 110, 116, 367 N.E.2d 203, 207 (1977) (a mistake or error not amounting to gross negligence will not affect the question of probable cause; it is immaterial that the accused may thereafter be found not guilty). Probable cause was established at the close of each

---

[3]I note that in the first order of protection proceeding, the trial court denied the attorney fees motion because the evidence had been "fairly close."

of Firmand's cases; that additionally adduced evidence supported deny-
ing the petitions for a plenary order of protection can in no way
undercut her initial showing of probable cause. See *Keefe v. Aluminum
Co. of America*, 166 Ill. App. 3d 316, 318, 519 N.E.2d 955 (1988) ("judg-
ment entered by the circuit court in a prior action constituted
conclusive evidence of probable cause for instituting that action, even
though that judgment was subsequently reversed on appeal"), citing
*Breytspraak v. Gordon*, 333 Ill. App. 650, 77 N.E.2d 860 (1948)
(abstract of op.). " 'The rationale for drawing the inference of
conclusiveness' *** 'appears to be that a competent tribunal is not
likely to render a decision for a party who lacked probable cause for
initiating the action.' " *Keefe*, 166 Ill. App. 3d at 318, quoting *Nagy v.
McBurney*, 120 R.I. 925, 931, 392 A.2d 365, 368 (1978). Stated differ-
ently, that subsequent testimony by Howard and other witnesses was
sufficient to undermine Firmand's testimony at the close of the entire
proceedings is of no consequence. Firmand's testimony was sufficient
to overcome a section 2—1110 motion, and as a matter of common
sense, once probable cause was established, no amount of additional
evidence introduced after the plaintiff's case in chief could erase that
finding. To the best of my knowledge, a finding of probable cause and
an ultimately adverse decision based on additional evidence presented
during a civil proceeding are not inconsistent as a matter of law. See
*Aboufariss v. City of De Kalb*, 305 Ill. App. 3d 1054, 1062, 713 N.E.2d
804 (1999) (absent intentional misrepresentation or concealment of
material facts, trial court's subsequent finding that there was no prob-
able cause for arrest is not significant to the probable cause analysis
in malicious prosecution action), citing *Forman v. Richmond Police
Department*, 104 F.3d 950, 962 (7th Cir. 1997). Still further, this
outcome is supported by the disfavor of malicious prosecution actions
"in Illinois on the ground that courts should be open to litigants for
resolution of their rights without fear of prosecution for calling upon
the courts to determine such rights." *Keefe*, 166 Ill. App. 3d at 317.

Finally, I fully agree with the trial judge's assessment of this case
when he observed, "[T]he former couple engaged in a series of poorly
advised, if not improperly manipulative, legal actions, utilizing an
already over-burdened justice system" to continue their bitter dispute.
In the face of such improper use of our court system, I believe a trial
court may properly grant summary judgment to the defendant based
on conclusive evidence of probable cause from the underlying action
grounded on the denial of a section 2—1110 motion, so as to provide a
means of driving a procedural stake into the heart (broken or
otherwise) of a malicious prosecution action.

I would affirm the trial court's ruling that probable cause was

established as a matter of law to support the filing of the order of protection petitions by Firmand.